**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEITH JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 06 C 2349 |
| ) | |
| ) | Judge Ronald A. Guzmán |
| JOHN CHAMBERS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Keith James' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that seeks to vacate his convictions for attempt first degree murder, aggravated battery with a firearm and aggravated discharge of a firearm. For the reasons provided in this Memorandum Opinion and Order, the Court denies the petition.

## Facts

In 1995, James was convicted of four counts of attempt first degree murder, aggravated battery with a firearm and three counts of aggravated discharge of a firearm. (Pet. ¶¶ 1-4; Answer 1; *see* Gov't Ex. D, *People v. James*, No. 1-95-3353, slip op. at 1 (May 1, 1991).)

James appealed his conviction on two grounds. He argued that he was denied effective assistance of counsel because his trial attorney: (1) failed to renew the motion to suppress a line-up identification in light of testimony at trial, (2) did not impeach the State's witnesses with contradictions between their testimony at trial and at a pretrial suppression hearing, (3) failed to object to the admission of petitioner's Texas Longhorns jacket into evidence and to the State's argument regarding that jacket, (4) did not cross-examine the State's witness Shawn Powell

regarding the circumstances of his identification of James as the shooter and (5) could not afford the costs of a second trial after the first trial resulted in a hung jury. (Gov't Ex. A, Def.'s Br. 7-18.) James also argued that the trial court abused its discretion by admitting testimony concerning James' participation in an uncharged shooting prior to the charged offense and allowing the scope of that testimony to exceed the purpose for which it was offered. (*Id.* 18-20.)

On May 1, 1998, the appellate court affirmed petitioner's convictions in an unpublished order. (Gov't Ex. D, *People v. James*, No. 1-95-3353, slip op. at 1 (May 1, 1991).) At the government's request, the appellate court remanded the case for a new sentencing hearing so that James could be sentenced to mandatory consecutive sentences in accordance with Illinois law. (*Id.* at 13.)

On July 7, 1998, James filed a petition for leave to appeal to the Illinois Supreme Court that raised the same issues that he raised in the appellate court. (Gov't Ex. E, Pet. Leave Appeal 1.) The Illinois Supreme Court denied leave to appeal. (Gov't Ex. F, *People v. James*, No. 85780, slip op. at 1 (Oct. 6, 1998.)

On remand, the trial court re-sentenced James to a thirty-year term of imprisonment for aggravated battery with a firearm, to be served consecutively to concurrent ten-year terms for three counts of attempt first degree murder. (Gov't Ex. I, *People v. James*, No. 1-01-3044, slip op. at 1 (Sept. 27, 2002).)

James filed an appeal after he was re-sentenced, claiming that the trial judge abused his discretion and violated his right to due process because the cumulative sentence of forty years was greater than the thirty years originally imposed. (Gov't Ex. G, Br. & Argument Appellant 8.) In an unpublished order issued on September 27, 2002, the Illinois Appellate Court, First District, affirmed and held that because the initial sentencing was void, there was no valid

sentence to increase. (Gov't. Ex. I at 1-2, *People v. James*, No. 1-01-3044, slip op. at 1 (Sept. 27, 2002).)

James subsequently filed a petition for leave to appeal to the Illinois Supreme Court, raising the same issues he raised on appeal. (Gov't Ex. J, Pet. Leave Appeal.) On February 5, 2003, the Illinois Supreme Court denied the petition. (Gov't Ex. K, *People v. James*, 787 N.E.2d 177 (Ill. 2003).)

After his sentencing appeal was denied, James filed a petition for relief pursuant to the Illinois Post-Conviction Hearing Act, 725 Ill. Comp. Stat. 5/122-1 *et seq.*, alleging that:

> (1) his rights to due process and equal protection were violated when the trial judge allowed evidence of other crimes;
> (2) his rights to due process and equal protection were violated when the prosecutor knowingly used false evidence about a bullet from a previous shooting;
> (3) he was denied the effective assistance of counsel where counsel on direct appeal did not allege that trial counsel had a conflict of interest;
> (4) he was denied the effective assistance of counsel where appellate counsel did not allege that trial counsel was ineffective for refusing to impeach State witness Officer Pallock;
> (5) he was denied effective assistance of counsel where appellate counsel did not allege that trial counsel was ineffective for not asserting that State witness Detective Baker committed perjury;
> (6) he was denied the effective assistance of counsel where appellate counsel did not allege that trial counsel was ineffective for stipulating to false evidence;
> (7) he was denied the effective assistance of counsel where appellate counsel did not allege that trial counsel was ineffective for refusing to poll the jury; and
> (8) his rights to due process and equal protection were violated when the trial court did not allow the jury to speak on behalf of its verdict.

(Gov't Ex. L, Pet. Post-Conviction Relief.) James' appointed counsel then filed a supplemental post-conviction petition, alleging that he was denied due process because:

> (1) at a suppression hearing, the State used Detective Baker's perjured testimony that none of the witnesses viewing a line-up said the shooter had worn a "Texas" jacket; and
> (2) the State used Detective Baker's perjured testimony that Andre Holmes had viewed a line-up and identified petitioner as the shooter in the charged incident.

(Gov't Ex. M, Supplemental Pet. Post-Conviction Relief.) Following submission of a motion to dismiss by the State (Gov't Ex. N, Mot. Dismiss Pro Se & Supplemental Pet.), and a response to that motion by petitioner (Gov't Ex. O, Def.-Pet'r's Reply), the trial court denied the post-conviction petition on April 21, 2003. (Gov't Ex. P, Hr'g Tr. at 4-21.)

James then appealed the denial of his post-conviction petition, alleging that:

> (1) he had raised a substantial constitutional claim that he was denied due process by the State's knowing use of false testimony when (a) Detective Baker testified at the pretrial suppression hearing that none of the witnesses mentioned that the shooter was wearing a "Texas" jacket, (b) Detective Baker testified that Andre Holmes had viewed a line-up and identified James as the shooter in the charged incident, and (c) the State stipulated that a bullet recovered from the victim in a prior shooting matched the bullet recovered from a victim in this case; and (2) he had raised a substantial claim that his Sixth Amendment right to confrontation was violated when defense counsel stipulated to false ballistics evidence.

(Gov't Ex. Q, Br. & Argument Pet'r-Appellant.) In an unpublished order issued on May 26, 2005, the appellate court affirmed the trial court's judgment. (Gov't Ex. T, *People v. James*, No. 1-03-1724, slip op. at 11 (May 26, 2005).)

Petitioner subsequently filed a petition for leave to appeal to the Illinois Supreme Court arguing that:

> (1) leave to appeal should be granted to clarify the standard of proof a defendant must satisfy in the second stage of an Illinois post-conviction proceeding in order to adequately substantiate a claim and survive dismissal on the pleadings; and
> (2) leave to appeal should be granted to clarify the reach and application of *People v. Campbell*, 802 N.E.2d 1205 (Ill. 2003), in an Illinois post-conviction context, and to resolve whether a defendant's unrebutted post-conviction allegation that he disagreed with and did not consent to counsel's decision to stipulate to evidence states a cognizable confrontation claim, so as to survive dismissal on the pleadings.

(Gov't Ex. U, Pet. Leave Appeal.) The Illinois Supreme Court denied leave to appeal on January 25, 2006. (Gov't Ex. V, *People v. James*, No. 100865, slip op. at 1 (Jan. 25, 2006).)

James then filed a *pro se* petition for writ of habeas corpus. (Pet. 1.) The petition alleges that:

> (1) James' right to due process was violated when the State knowingly used false testimony from Detective Baker at the pretrial suppression hearing regarding the line-up identification of petitioner and falsely stated that none of the witnesses mentioned that the shooter was wearing a "Texas" coat before they viewed the line-up;
> (2) Petitioner was denied the effective assistance of counsel when a conflict of interest arose between counsel and petitioner due to financial problems caused by counsel's having to represent petitioner at the second trial without remuneration;
> (3) Petitioner's right to due process was violated when the State knowingly used false testimony from Detective Baker at trial that Andre Holmes had viewed the line-up concerning the shooting at issue and had identified petitioner as the shooter;
> (4) Petitioner's right to due process was violated when the State knowingly used false evidence at trial by stipulating that a bullet recovered from the leg of the victim in another shooting matched a bullet recovered from the victim in the charged incident;
> (5) Petitioner was denied the effective assistance of counsel when trial counsel did not call attention to Detective Baker's false testimony that Andre Holmes had identified petitioner as the shooter in a line-up, and when counsel stipulated to false ballistic evidence; and
> (6) Petitioner's right to due process was violated when the trial court increased petitioner's sentence to an aggregate of 40 years.

(Pet. 9-10a.) The government concedes that the petition has been timely filed under 28 U.S.C. § 2244(d)(1)(A), (2). (Answer 8.) However, the government contends that Claims 1, 3, 4 and 5 are procedurally defaulted and claims 2 and 6 lack merit. (Answer 22-25.)

## Discussion

First, the Court can reach the merits of James' claims only if he fairly presented them to the state courts for resolution and exhausted all available state-court remedies. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). James exhausted his state-court remedies only if he gave "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[F]or a constitutional claim to be fairly presented to a state court, both the

operative facts and the 'controlling legal principles' must be submitted to that court." *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971)).

Second, a federal court is precluded from reviewing a claim if the state court disposed of it by "rest[ing] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "This rule applies whether the state law ground is substantive or procedural." *Id.*

Respondent argues that claims 1, 3, 4, and 5 are procedurally defaulted because James failed to present them to the Illinois courts for resolution. The Court agrees. In addition, the Court holds that claim 6 is procedurally defaulted because the Illinois courts resolved the issue on an independent and adequate state ground. The Court addresses each claim in turn.

In claim 1, James contends that his right to due process was violated when the government knowingly used Detective Baker's false testimony from the pretrial suppression hearing regarding the line-up identification. James raised this claim for the first time in his supplemental petition for post-conviction relief. (Gov't's Ex. M, Supplemental Pet. Post-Conviction Relief 2-3.) He raised it again on appeal from the denial of his petition. (Gov't's Ex. Q, Br. & Argument Pet'r-Appellant 16.) However, after the appellate court affirmed the denial of his petition, he failed to raise this issue in his petition for leave to appeal to the Supreme Court of Illinois. (*See* Gov't's Ex. U, Pet. Leave Appeal.) Instead, he framed the issue differently and argued that leave to appeal should be granted to clarify the reach of *People v. Collins*, 782 N.E.2d 195, 198-99 (Ill. 2002), a case relating to the evidentiary pleading requirements for a post-conviction petition. Because James did not argue the merits of his due process claim before the Illinois Supreme Court, this claim is procedurally defaulted. (Gov't's Ex. U, Pet. Leave Appeal 12-16.)

In claim 3, James argues that his right to due process was violated when the government knowingly used false testimony from Detective Baker at trial stating that Andrew Holmes had viewed the line-up concerning the shooting at issue and had identified James as the shooter. He first raised this issue in his supplemental petition for post-conviction relief and, after the trial court denied the petition, he raised it on appeal. (Gov't's Ex. M, Supplemental Pet. Post-Conviction Relief 3-4; Gov't's Ex. Q, Br. & Argument Pet'r-Appellant 24-27.) After the appellate court affirmed the denial of his post-conviction petition, he abandoned this claim in his petition for leave to appeal to the Illinois Supreme Court. (*See* Gov't's Ex. U, Pet. Leave Appeal.) This issue is, therefore, procedurally defaulted.

In claim 4, James argues that his right to due process was violated when the government knowingly used false evidence at trial by stipulating that a bullet recovered from the leg of the victim in another shooting matched a bullet recovered from the victim in the charged incident. James did not raise this issue on direct appeal or in his petition for leave to appeal to the Illinois Supreme Court after his direct appeal was denied. (*See* Gov't Ex. A, Def.'s Br.; Gov't Ex. E, Pet. Leave Appeal.) He did, however, clearly raise this issue in his *pro se* post-conviction petition. (Gov't Ex. L, Pet. Post-Conviction Relief 4.) He also raised it on appeal from the denial of his post-conviction petition. (Gov't Ex. Q, Br. & Argument Pet'r-Appellant 27-32.) However, in his petition for leave to appeal to the Illinois Supreme Court, he argued that leave to appeal should be granted because his trial counsel improperly stipulated to false ballistics evidence without his consent or pursuant to sound trial strategy. Because this argument is based on the Sixth Amendment not the Fourteenth, James did not fairly present his due process argument to the supreme court, and thus, claim 4 has been procedurally defaulted.

In claim 5, James argues that he was denied effective assistance of counsel when his trial counsel (1) failed to impeach Detective Baker regarding his false testimony that Andre Holmes had identified him in a line-up as the shooter in the November 2 incident and (2) stipulated to false ballistic evidence without James' consent in violation of his Sixth Amendment right to confront witnesses. James failed to raise either of these issues on direct appeal. (Gov't Ex. A, Def.'s Br. 1-3.) Further, none of the issues raised on direct appeal were based on the same operative facts as claim 5.

James raised the first sub-issue in claim 5, *i.e.*, whether his trial counsel provided ineffective assistance of counsel by failing to impeach Detective Baker regarding his false testimony that Andre Holmes had identified him in a line-up as the shooter in the November 2 incident, in his *pro se* post-conviction petition. (Gov't's Ex. L, Pro Se Pet. Post Conviction Relief 11-12.) However, on appeal from the denial of his post-conviction petition, James abandoned the argument. (Gov't's Ex. Q, Br. & Argument Pet'r-Appellant 24-27.) Although he raised a due process argument based on the *prosecutor*'s use of Baker's testimony regarding Andre Holmes, the issue whether the prosecutor deprived him of due process is not based on the same controlling legal principles as whether he was deprived of effective assistance of counsel. *See, e.g., Fautenberry v. Mitchell*, No. 00 C 332, 2001 WL 1763438, at *10 (S.D. Ohio Dec. 26, 2001) ("A claim that petitioner's due process and fair trial rights were violated because he was forced to wear shackles and jail garb is factually related to, but legally distinct from, a claim that petitioner's attorneys were constitutionally ineffective for allowing petitioner to appear during trial in shackles and jail garb . . . .") Thus, the first issue raised in claim 5 is procedurally defaulted.

James failed to raise the second issue in claim 5, *i.e.*, whether his trial counsel provided ineffective assistance by stipulating to false ballistic evidence without James' consent in violation of his constitutional right to confrontation, before the trial court in either his *pro se* petition for post-conviction relief or his supplemental petition for post-conviction relief. (*See* Gov't's Ex. L, Pro Se Pet. Post-Conviction Relief; Gov't's Ex. M, Supplemental Pet. Post-Conviction Relief.) James omitted any argument that the stipulation was without his consent and that the stipulation violated his right to confrontation. Because James did not give the trial court a fair opportunity to rule on this issue, the second issue raised in claim 5 is procedurally defaulted.

In claim 6, James argues that his due process rights were violated because the trial court increased his prison sentence to forty years during his re-sentencing hearing where no new aggravating evidence was presented and its rationale does not appear on the record. James was originally sentenced to concurrent thirty-year terms of imprisonment for his convictions of four counts of attempt first-degree murder and one count of aggravated battery with a firearm. (Gov't's Ex. I, *People v. James*, No. 1-01-3044, at 1 (Sept. 27, 2002).) On direct appeal, James was not successful, and the appellate court affirmed his convictions. (Gov't's Ex. D, *People v. James*, No. 1-95-3353, at 13 (May 1, 1998).) At the government's urging, the appellate court remanded the case for the imposition of consecutive sentences as required by section 5-8-4(a) of the Illinois Code of Corrections, 730 Ill. Comp. Stat. 5/5-8-4(a). (*Id.*) On remand, the trial court sentenced petitioner to a thirty-year term for aggravated battery with a firearm to be served consecutively to three concurrent ten-year terms for attempt murder. (Gov't's Ex. I, *People v. James*, No. 1-01-3044, at 1 (Sept. 27, 2002).) Thus, after re-sentencing, James' sentence was a forty-year aggregate term.

After re-sentencing, James appealed and argued that his due process rights were violated when the trial court, out of vindictiveness after his original appeal and remand, increased his thirty-year aggregate term to a forty-year aggregate term. (*Id.*) However, the appellate court held that the sentence initially imposed was in violation of the Illinois Code of Corrections, specifically 730 Ill. Comp. Stat. 5/5-8-4(a), and therefore void. (Def.'s Ex. D, *People v. James*, No. 1-95-3353, slip op. at 1-2 (May 1, 1991).) The appellate court held that because the sentence initially imposed was void, there was no valid sentence to increase. (*Id.*) In so holding, the court relied solely on state court cases that analyzed state law. (*See id.*) Because the appellate court clearly disposed of the issue solely on a state law ground that is independent of the federal question and adequate to support the judgment, this Court is precluded from reviewing it.

In sum, Claims 1, 3, 4 and 5 are procedurally defaulted because they were not fairly presented to the Illinois courts. Claim 6 is procedurally defaulted because the appellate court resolved the issue on independent and adequate state law grounds.

However, this does not end the analysis. Procedural default may be overlooked if the petitioner can show good cause for the default and actual prejudice resulting therefrom, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

James has not even attempted to establish good cause for any of the defaults. (*See* Pet. Writ Habeas Corpus 7-20.) "Good cause for default is limited to an external objective impediment that prevented the petitioner from making the claim, such as interference by state officials or unavailability of a factual or legal basis for the claim at the time of filing the habeas petition." *United States ex rel. Williams v. Winters*, No. 01 C 4664, 2004 WL 1588269, at *3

(N.D. Ill. June 22, 2001); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986). As stated above, claims 1, 3, 4 and 5 are procedurally defaulted because James failed to raise them at all stages of his post-conviction proceedings. "Because there is no right to effective assistance of counsel in post-conviction hearings, any attorney error that led to the default of his claims in state court cannot constitute cause to excuse the default in federal habeas." *United States ex rel. Lopez v. Uchtman*, No. 05 C 927, 2007 WL 273651, at *2 (N.D. Ill. Jan. 24, 2007) (citation omitted); *see Coleman*, 501 U.S. at 752; *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003).

Nor has James attempted to show actual prejudice as a result of the alleged violations of federal law. (*See* Pet. Writ Habeas Corpus 7-20.) The Court will not make these arguments for him. *See Todd v. Schomig*, 283 F.3d 842, 849 (7th Cir. 2002).

Further, James has not tried to show that a failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice. To show a fundamental miscarriage of justice, a petitioner must establish that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Dretke v. Haley*, 541 U.S. 386, 393 n.2 (2004) (quotation omitted). To support a claim of actual innocence, a habeas petitioner must present "new reliable evidence . . . that was not presented at trial" and must establish that "it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). James has not claimed actual innocence. Accordingly, the fundamental miscarriage of justice exception does not apply to excuse the procedural default of claims 1, 3, 4, 5 and 6. Thus, the Court is precluded from reaching the merits of these claims.

However, claim 2 is not procedurally defaulted. Therefore, the Court addresses its merits.

James is entitled to a writ of habeas corpus only if he demonstrates that the state court's decision was "contrary to . . . clearly established Federal law," involved "an unreasonable application of" that law, or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d) (1)-(2). A decision is "contrary to" clearly established federal law if it "contradicts the governing law of the U.S. Supreme Court" or "on a set of facts materially indistinguishable from those at issue in the applicable Supreme Court precedent, reache[s] a different result." *Ward v. Sternes*, 334 F.3d 696, 703 (7th Cir. 2003). A state court unreasonably applies federal law if it "correctly identifie[s] the governing Supreme Court precedent, but unreasonably applie[s] it to the unique facts of the prisoner's case." *Id.* A decision is based on an unreasonable determination of the facts, "[i]f the petitioner can show that the state court determined the underlying factual issue against the clear and convincing weight of the evidence." *Id.* at 704.

In claim 2, James argues he was denied effective assistance of counsel due to a conflict of interest because his counsel was required to represent him at the second trial without pay. To prevail on his ineffective assistance of counsel claims, James must satisfy the two-part test set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). To do so, he must prove both that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 688, 694-95. To satisfy the performance element, James must specifically identify the acts or omissions that form the basis for his claim. *Id*. at 690. To establish the prejudice element, James must show that he was actually prejudiced by his lawyer's errors. *Id.* at 692-94. In the context of this case, to establish prejudice, James must establish that there is a reasonable probability that, but for his counsel's self-interest, the jury would not have

found him guilty. *See id.* at 694. "To counteract the natural tendency to fault an unsuccessful defense, a court reviewing a claim of ineffective assistance must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Nix v. Whiteside*, 475 U.S. 157, 165 (1986) (quoting *Strickland*, 466 U.S. at 689).

In his habeas petition, James simply argues that because his trial counsel received no remuneration for the second trial, "his performance deteriorated drastically." (Pet. 10.) Within the context of this argument, James neither identifies the acts or omissions that form the basis for his claim nor shows that he was actually prejudiced by his lawyer's errors. This is clearly insufficient to satisfy *Strickland*.

In his direct appeal, the appellate court disagreed that James' trial counsel's financial inability to afford the costs of litigation constituted ineffective assistance of counsel and rejected this argument because it had no legal support. There is no Supreme Court precedent for the proposition that a criminal defendant's failure to pay fees by itself creates a conflict of interest that violates the defendant's Sixth Amendment right to effective assistance of counsel. Thus, James cannot show that the appellate court unreasonably applied clearly established law as determined by the U.S. Supreme Court because the U.S. Supreme Court has not decided the issue. *See* 28 U.S.C. § 2254(d)(1); *Young v. Walls*, 311 F.3d 846, 849 (7th Cir. 2002).[1] Accordingly, James has failed to demonstrate that the appellate court's holding involved an

---

[1] The majority of lower courts that have addressed the issue have held that the failure to pay fees, in and of itself, does not give rise to a conflict of interest to support an ineffective assistance of counsel claim. *See United States v. Taylor*, 139 F.3d 924, 932 (D.C. Cir. 1998); *United States v. O'Neil*, 118 F.3d 65, 71-72 (2nd Cir. 1997); *United States v. DiCarlo*, 575 F.2d 952, 957 (1st Cir. 1978); *Roll v. Bowersox*, 16 F. Supp. 2d 1066, 1078 (W.D. Mo. 1998); *United States v. Wright*, 845 F. Supp. 1041, 1073 n.35 (D.N.J.), *aff'd*, 46 F.3d 1120 (3rd Cir. 1994). *Cf. Nix*, 475 U.S. at 176 (holding that *Strickland*, not *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980), governs claim based on an attorney's alleged conflict based on self-interest).

unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d)(1), (2). The Court therefore denies his habeas petition with regard to claim 2.

## **Conclusion**

For the foregoing reasons, the Court denies James' petition for writ of habeas corpus. This case is hereby terminated.

**SO ORDERED**                               **ENTERED:**

December 4, 2008

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**U.S. District Court Judge**